IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELGIN EFEREBO, | ) | CASE NO. 8:09CV406 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | PROTECTIVE ORDER |
| PRIME THERAPEUTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER came on for consideration pursuant to the agreement of the parties, herein as evidenced by the signatures of their respective counsel below, for entry of a protective order to preserve the confidentiality of certain documents and records of Plaintiff and Defendant previously produced or to be produced to the opposing party or parties or their respective legal counsel, which documents will be designated by the producing counsel as "Confidential" and/or "Attorney Eyes Only" by marking the same by hand or with a stamp to that effect. All previously produced documents to include personnel files, medical files, FMLA files, and worker's compensation files shall be considered confidential pursuant to this order. All such documents designated as "Confidential" and/or "Attorney Eyes Only" shall hereinafter be referred to as "the records".

The parties, by agreement, further request the court to enter an order sealing any and all filings with and/or submissions to the court, including depositions conducted in the case, which contain proprietary information to include but not limited to personnel files, medical files, worker's compensation files, FMLA files, financial information, and trade secrets;

The Court, being fully advised in the premises, finds as follows:

IT IS HEREBY ORDERED:

1. The records of Plaintiff and Defendant and any copies thereof shall be utilized by the opposing party or parties solely in connection with discovery, pretrial proceedings, preparation for trial, trial, appeal and/or settlement and for no other purpose and shall not be disseminated, published, shown or otherwise disclosed to any person or entity except as provided herein.

2. Access to the records of Plaintiff or Defendant marked "Confidential" shall be limited to attorneys of record and their staff, associates of the attorneys of record and their staff, the parties to this case, including directors, officers and employees thereof, insurers and their officers, directors, employees and agents, the Court, the court staff, court reporters in connection with this action, and independent experts or consultants employed to assist any attorneys of record in the course of trial or pretrial preparation.

3. Access to the records of Plaintiff or Defendant marked "Attorney Eyes Only" shall be limited to attorneys of record and their staff, associates of the attorneys of record and their staff, the Court, the court staff, court reporters in connection with this action, and independent experts or consultants employed to assist any attorneys of record in the course of trial or pretrial preparation.

4. Before counsel discloses the records to any designated expert or consultant, such expert or consultant must first execute the following agreement:

### AGREEMENT OF CONFIDENTIALITY

I hereby certify that I have read the Protective Order entered on _____, 2010, (the "Order") in the action now pending in the United States District Court for the District of Nebraska entitled <u>Elgin Eferebo, Plaintiff v. Prime Therapeutics, Inc., Defendant,</u> Case No. 8:09CV406 (the "Action") and am fully familiar with its terms. I understand that in the course of my activities in connection with the Action I may have occasion to examine, inspect or be exposed to the records of Plaintiff or Defendant or the contents

thereof. I therefore agree to be bound by and comply with all of the terms and prohibitions of the Order and not to do any act or thing in violation of the Order.

5. All persons to whom the records are disclosed pursuant to this Order shall:

a. be responsible for keeping such custody or control over said records so as to assure that said records are not lost, misplaced or inadvertently disclosed in violation of the provisions of this Order;

b. not reveal the contents of the records to any person not already subject to the terms of this Order;

c. not reveal or use the contents of the records except for the purposes set forth in paragraph 1 above; and

d. return promptly to counsel for the disclosing party any copy of any such records entrusted to him or her when no longer required by him or her for the purposes set forth in paragraph 1 above except that this paragraph 4(d) shall not apply to the court or court personnel.

6. Any and all filings with and/or submissions to the court which are stamped or marked "Confidential" and/or "Attorney Eyes Only" will be sealed in an envelope and will be designated "Confidential" and/or "Attorney Eyes Only" by affixing a stamp or statement to the outside of the sealed envelope. Such envelopes will further be labeled with a statement in substantially the following form:

> This envelope containing documents which are filed in this case by Defendant is not to be opened or the contents thereof to be displayed or revealed except by order of this court.

7. The execution and entry of the Protective Order shall in no way affect or impair the right of the Plaintiff or Defendant to raise or assert any objection or defense to the use, relevance or admissibility at trial of the records or any information contained therein. The parties to the agreement reserve the right to submit disagreements as to what information is confidential to the court by appropriate motion. If the records or any information contained therein are used in any depositions, all portions of the transcript of such depositions and the

exhibits thereto which refer or relate to said records or any information contained therein shall be treated as confidential pursuant to the terms of this Protective Order.

8.  After this Action is terminated by the entry of a final and not-further-appealable order or by settlement, the records and the information contained therein and marked "Confidential" and/or "Attorney Eyes Only" shall not thereafter be disclosed to any third party and shall be returned to the party producing the records. Any documents marked "confidential" which are made part of the court file, filed with the court, submitted to the court or admitted into evidence in the trial of this action may remain in the custody of the Court but will remain sealed in the envelopes designated "Confidential".

DATED this  6th  day of  October  , 2010.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge

ELGIN EFEREBO, Plaintiff

By _____
Vincent M. Ekeh
1904 Farnam Street, Suite 611
Omaha, NE 68101
(619)244-6838

PRIME THERAPEUTICS, INC., Defendant

By _____
Eric W. Tiritilli, #22727
Bryan S. Hatch, #21009
Of   STINSON MORRISON HECKER LLP
1299 Farnam Street, Suite 1501
Omaha, NE 68102
(402)342-1700
etiritilli@stinson.com
bhatch@stinson.com