IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELGIN EFEREBO, | ) | CASE NO. 8:09CV406 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PRIME THERAPEUTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion in Limine (Filing No. 53). Defendant, Prime Therapeutics, Inc. ("Prime"), seeks to preclude Plaintiff Elgin Eferebo ("Eferebo") from offering testimony or evidence in seven categories, essentially preventing him from offering any testimony, evidence, or argument whatsoever. In support of the Motion in Limine, Prime notes Eferebo's failure to comply with Court orders regarding pretrial disclosures and discovery.

The Motion in Limine was filed on May 13, 2011, and the Pretrial Conference was held on May 26, 2011, resulting in a Pretrial Order (Filing No. 57) that supersedes all prior pleadings and progression orders. In the Pretrial Order, Eferebo lists four witnesses, all of whom are also on Prime's witness list, and four exhibits, none of which should present unfair surprise to Prime. The Pretrial Order also lists Controverted and Unresolved Issues, consistent with the Court's earlier rulings on Prime's Motions to Dismiss and Motion for Summary Judgment. The Controverted and Unresolved Issues as listed in the Pretrial Order should alleviate Prime's concern that Eferebo could attempt to present statements, testimony, evidence, or arguments not reasonably related to his NEOC and/or EEOC charges, or related to claims previously dismissed by the Court.

With respect to Eferebo's alleged damages, he has been an employee of Prime at all times relevant to this action, and Prime has records of the wages it paid to him, as well as records of wages paid to the individuals selected to fill the positions for which Eferebo applied. Although it is not apparent that any such documents appear on the Joint List of Exhibits, the Court will not preclude Eferebo from testifying about his own salary, or from soliciting testimony from listed witnesses who may be qualified to testify about the salaries paid to persons selected for the positions for which Eferebo applied. With respect to other alleged damages, Prime may object to any offer of evidence at the time of trial, based on Eferebo's failure to comply with Fed. R. Civ. P. 26(a)(1)(A)(iii), the speculative nature of the damages, or other grounds.

As Prime requests, Eferebo will be precluded, in limine from offering statements, evidence, testimony, or argument regarding Prime's net worth, because such information has no apparent relevance and could tend to prejudice the jury. In all other respects, the topics that Prime asks the Court to preclude Eferebo from mentioning can best be addressed through objections raised at the time of trial, and, if necessary, conferences outside the hearing of the jury.

IT IS ORDERED:

1. Defendant Prime Therapeutics LLC's Motion in Limine (Filing No. 53), is granted in part, as follows:

    Plaintiff Elgin Eferebo is precluded, in limine, from presenting any statements, arguments, testimony, or evidence concerning Defendant Prime Therapeutics LLC's net worth, and

2. To the extent the Motion is not otherwise rendered moot by the Order on Pretrial

Conference (Filing No. 57), the Motion is denied, without prejudice to the Defendant raising its objections at the time of trial.

DATED this 3rd day of June, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge