**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ELGIN EFEREBO,** | ) | **CASE NO. 8:09CV406** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER RE: TRIAL PREPARATION** |
| | ) | **(CIVIL JURY TRIAL)** |
| **PRIME THERAPEUTICS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**1.   CIVIL TRIAL SCHEDULE:**

Attached to this order is a listing of the civil cases that are scheduled for trial the week of **September 12, 2011,** subject only to the Court's need to commence any previously scheduled criminal trial in which a Speedy Trial Act deadline exists. The cases are listed in the order in which they were filed, ***but this is NOT NECESSARILY the order in which they will be called for trial during the week***. Approximately one week before the trial week, my chambers will communicate by e-mail the order in which the cases will be called and what day of the week the trial will commence. Generally, but not always, cases begin on Tuesday of the trial week.

**2.   PRETRIAL MOTIONS:**

   **A.   Continuance**

Motions to continue trial are referred to Magistrate Judge F.A. Gossett for decision. Any motion to continue trial must be filed electronically, together with a supporting affidavit, as soon as is practicable. The moving party shall send a proposed order to Magistrate Judge Gossett at gossett@ned.uscourts.gov.

   **B.   Evidentiary Hearings**

Please notify my chambers immediately upon filing any pretrial motion requiring an evidentiary hearing pursuant to Fed. R. Evid. 104 so that a hearing may be held within sixty (60) days before trial. Absence of a request for an evidentiary hearing may be deemed a waiver of such hearing. If the requested evidentiary hearing involves a Daubert-Kumho question regarding an expert, the expert's disclosure under Fed. R. Civ. P. 26(a)(2) must be submitted to my chambers when the motion for the Rule 104 hearing is filed. All other material regarding a requested Rule 104 hearing must be submitted to my chambers when the motion for a Rule 104 hearing is filed. Each party shall submit a brief regarding each question raised by a motion requiring a Rule 104 hearing.

**THE FOLLOWING MATERIAL MUST BE SUBMITTED NO LATER THAN FIVE (5) WORKING DAYS BEFORE THE SCHEDULED DATE OF TRIAL.:**

3. **PRETRIAL SUBMISSIONS:**

    A. The following documents shall be **filed electronically** with the Clerk of the Court: trial brief, proposed jury instructions and verdict form(s). If the exhibit list and witness list were not incorporated into the final pretrial order, then those documents also shall be electronically filed.

    B. In addition, each party shall e-mail to my chambers (smithcamp@ned.uscourts.gov) the proposed jury instructions, verdict form(s), witness list, and exhibit list.

4. **DISCOVERY MATERIAL:**

    Use of discovery material as substantive evidence is controlled by the Pretrial Order and the following requirements:

    A. **Depositions:**

    **Proponent:** The proponent of a deposition to be used at trial shall deliver a copy of the deposition to my chambers. If less than the entire deposition will be offered, the proponent shall deliver: (1) a list or index designating by page and line(s) the testimony to be offered, and (2) a copy of the entire deposition with highlighted parts to be offered.

    **Objections:** A list or index of objections to another party's designated deposition testimony shall be delivered to my chambers and shall identify by page and line the location of the objection and shall identify the precise nature of the objection.

    B. **Videotaped Depositions:**

    **Proponent:** Videotaped depositions shall be delivered to my chambers as stated in the previous paragraph. The proponent shall provide a transcript with the prospective testimony indexed and highlighted.

    **Objections:** A list or index of objections to another party's designated videotaped testimony shall be delivered to my chambers. The court may require editing of the video tape in response to pretrial rulings on objections.

    **C.** **Interrogatories and Requests for Admissions:**

    The format and requirements for use of, and objections to, deposition testimony shall also apply to answers to interrogatories and requests for admissions, including matters deemed admitted because unanswered. See Fed. R. Civ. P. 36(a).

**5. EXHIBITS:**

    **A.** **Court's Copies:**
    Each proponent of exhibits shall prepare a three-ring binder containing a copy of each exhibit to be offered. The binder shall be organized by dividers and tabs for quick retrieval of an exhibit during trial, and shall be delivered to chambers no later than five (5) days before the scheduled date of trial.

    **B.** **Original Exhibits:**
    Exhibits shall be properly listed and identified on the exhibit form supplied by the Clerk of Court's Office, also available at the court website: www.ned.uscourts.gov/local/local.html.

    **C.** **Marking of Exhibits:**
    All exhibits must be pre-marked with stickers that indicate whether the government, the plaintiff or the defendant is offering the exhibit. Plaintiff's exhibits will begin with number "1." Defendant's exhibits will begin with the three-digit number rounded to the next hundred after plaintiff's last exhibit.

**6. WITNESSES:**

    **A.** **Lists:**
    A party's witness list shall include the full name and address for each such witness. Witnesses who do not appear to testify when scheduled will be considered withdrawn.

    **B.** **Rule 26 Disclosures and Reports:**
    If not previously received by the court regarding a Rule 104 hearing, each party shall deliver to my chambers a copy of the Fed. R. Civ. P. 26(a)(2) disclosures regarding that party's expert witnesses identified in the Pretrial Order. Any expert whose Rule 26 disclosure is not received by the court within five (5) working days before trial, or earlier if requested by the court, will be considered withdrawn.

**7.    REQUESTS FOR INTERPRETERS OR COURTROOM EQUIPMENT:**

Please notify the courtroom deputy at least a week in advance if the services of an interpreter will be required for a hearing or trial.  Please notify the courtroom deputy before trial if you request the use of the ELMO evidence presenter and also if you need to schedule a time for training. More information is available on the web at www.ned.uscourts.gov. Court Technology installed in Judge Smith Camp's courtroom is as follows: a large flat screen television, attorney & witness screens have annotation abilities, jury box has monitors for viewing evidence, two digital document cameras, video conferencing, telephone conferencing, VCR/DVD player (please check your file types), laptop hook ups in counsel tables, an easel and headsets for the hearing impaired.

**8.    CONDUCT OF TRIAL:**

I will meet with counsel in chambers at 8:30 a.m. on the first day of trial.  Trial will commence at 9:00 a.m. each day, unless otherwise ordered.  The court will conduct a general voir dire examination.  Counsel may supplement, but not repeat, the court's voir dire examination.  Any suggested questions for voir dire by the court shall be delivered to my chambers.  The court may impose a time limit on counsels' voir dire.  Examination of witnesses will be by direct, cross, and redirect examination, but not recross unless authorized by the court.

**9.    SETTLEMENT:**

By noon on the Friday before trial is scheduled to occur, counsel for all parties shall contact chambers to receive instructions regarding how the court may be notified of any settlement reached when the court is not open for business.  It is the responsibility of the counsel for all parties to notify the court immediately of any settlement.  If the court is not so notified, or if settlement is reached after a jury panel is called to appear, costs may be assessed against the parties.

**SO ORDERED.**

DATED this 10th day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

**LIST OF CIVIL CASES SCHEDULED FOR TRIAL -
WEEK OF SEPTEMBER 12, 2011**

8:09cv406   Elgin Eferebo v. Prime Therapeutics Inc. (**JURY**)
              (Vincent M. Ekeh/Bryan S. Hatch, Eric W. Tirtilli)

8:10cv263   David Hyke, et al. v. Ohio National Life Insurance Company (**NON-JURY**)
              (Thomas J. Freeman, Thomas D. Wulff/Steven D. Davidson)